UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

    Petitioner,

v.                               CASE NO. 3:18-cv-1299-J-34MCR

In the Interest of DUSTIN YACCARINO,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . . Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).

In his Complaint, titled "Petition for Custody," Petitioner alleges that on August 13, 2018, "Respondent was placed on probation in [Petitioner's] care." (Doc. 1 at 3.) Petitioner also alleges that he "discovered that Respondent has sever [sic] mental problems and is in need of a guardian." (*Id.*) At this point, Petitioner is allegedly acting as a guardian for Respondent, who is "not capable of making sound decisions" and, as a direct result of his actions, "has endangered his own life."[2] (*Id.*) Petitioner requests an order granting him permanent guardianship and custody of Respondent and a trial by jury. (*Id.* at 4.) The

---

[2] Petitioner alleges that there is an active open case with DCF Adult Protective Services. (Doc. 1 at 3.)

Complaint alleges that "[t]his Court is empowered to hear and try this case as it involves the 1974 Mental Health Act by Congress[.]"  (*Id.* at 2.)

Petitioner has not adequately alleged that the Court has subject matter jurisdiction over this action.  Petitioner has previously filed other, almost identical, actions in this Court seeking custody of individuals with mental health issues, which have been dismissed without prejudice for lack of subject matter jurisdiction.  *See, e.g.*, *Fisher v. Ross*, Case No. 3:15-cv-1525-J-34MCR (M.D. Fla. Jan. 14, 2016) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought custody and guardianship of defendant, who was allegedly suffering from bipolar disorder and had refused mental health treatment) (report and recommendation adopted on Feb. 8, 2016); *Fisher v. Griffis*, Case No. 3:11-cv-47-J-99TJC-JRK (M.D. Fla. Feb. 1, 2011) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought full and complete custody of defendant, who was allegedly suffering from bipolar disorder, ADHD, a learning disability, and a drug and alcohol problem, based on the 1973 Mental Health Act) (report and recommendation adopted on Mar. 14, 2011); *Fisher v. Griffis*, Case No. 3:09-cv-1107-J-32HTS (M.D. Fla. Nov. 18, 2009) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought full and complete custody of defendant based on the 1973 Mental Health Act) (report and recommendation adopted on Dec. 29, 2009);

*Fisher v. Griffes*, Case No. 3:08-cv-829-J-25HTS (M.D. Fla. Sept. 8, 2008) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought custody of defendant based on the 1973 Mental Health Act) (report and recommendation adopted on Sept. 30, 2008).

Although a *pro se* plaintiff is ordinarily given an opportunity to amend his complaint out of an abundance of caution, it is clear in this case, even when construing the allegations in the Complaint liberally,[3] that permitting Petitioner to proceed *in forma pauperis* would be inappropriate, particularly in light of his history of filing numerous, non-meritorious actions in this Court.  See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* . . . .").

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 2**) be **DENIED** and the case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to terminate any pending motions and close the file.

---

[3] The pleadings of *pro se* litigants, like Petitioner, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium).

**DONE AND ENTERED** at Jacksonville, Florida, on November 19, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff